**UNITED STATES DISTRICT COURT
IN THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>*Plaintiff*,<br><br>v.<br><br>STILL RIVER SYSTEMS, INC.,<br><br>*Defendant*. | Civil Action No: _____ |

## COMPLAINT

Massachusetts Institute of Technology ("MIT"), by its attorneys Proskauer Rose LLP, brings this action for correction of inventorship and declaratory judgment of ownership interest against Still River Systems, Inc. ("SRS").

## THE PARTIES

1. MIT is an educational and research institution organized under the corporate laws of the Commonwealth of Massachusetts with its principal office in Cambridge, MA.

2. On information and belief, SRS is a Delaware corporation with its principal place of business in Littleton, MA.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

5.  This Court has personal jurisdiction over SRS because SRS's principal place of business is in this District and SRS is doing business in this District directly related to the allegations set forth herein.

6.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c).

## BACKGROUND FACTS

7.  U.S. Patent No. 7,728,311 ("the '311 Patent"), titled "Charged Particle Radiation Therapy," issued on June 1, 2010. Attached hereto as Exhibit 1 is a copy of the '311 Patent.

8.  The '311 Patent names Dr. Kenneth Gall as the sole inventor.

9.  On information and belief, Dr. Gall founded SRS in 2004.

10. On information and belief, Dr. Gall is presently the chief technology officer and a director of SRS.

11. On information and belief, Dr. Gall assigned his interest in the '311 Patent to SRS, which assignment was recorded with the U.S. Patent and Trademark Office.

12. The publicly available assignment records at the U.S. Patent and Trademark Office indicate that SRS is the sole assignee.

13. On information and belief, in or around 2002, Dr. Gall was interested in developing a synchrocyclotron that had a magnetic field higher than 5 Tesla for a one room proton beam radio therapy treatment center.

14. A synchrocyclotron is a type of particle accelerator. Particle accelerators, or cyclotrons, use magnetic fields to exert forces on particles, usually charged particles such as an electron or a proton, which in turn increase the velocity at which the particle travels. In a cyclotron, the particle moves in a circle, accelerating faster and in a larger circle as it rotates around the magnet. A synchrocyclotron is a modified cyclotron in which the frequency of the

accelerating voltage is modulated to take into account the increase in the relativistic mass of the accelerating particle as its velocity approaches the speed of light.

15. On information and belief, in Fall 2002, Dr. Gall approached Dr. Timothy A. Antaya because after reasonable investigation, Dr. Gall was unable to identify anyone else who could help him develop a working synchrocyclotron for a single-room proton beam radio therapy treatment center.

16. Dr. Antaya is a Principal Research Engineer at the MIT Plasma Science and Fusion Center.

17. On July 1, 2004, MIT, through its Office of Sponsored Programs, entered into an agreement with SRS under which SRS agreed to sponsor Dr. Antaya's research to allow him to develop a working synchrocyclotron for certain medical applications.

18. On information and belief, one of the purposes of the SRS/MIT collaboration was to allow SRS to determine whether a commercially-acceptable synchrocyclotron with the desired specifications was even possible.

19. Between July 2004 and February 2005, Dr. Antaya sent Dr. Gall at least four memoranda regarding Dr. Antaya's progress in building a synchrocyclotron under the SRS/MIT agreement. Dr. Antaya informed Dr. Gall that he and his team had developed a synchrocyclotron with a magnetic field strength of approximately 9 Tesla that produced a particle beam with the fixed energy of 250MeV, and an estimated weight of between 18 and 28 Tons. The memoranda included figures illustrating the construction of the synchrocyclotron. Dr. Antaya further outlined a plan to complete certain tests on the synchrocyclotron design and to create a preliminary design layout of the synchrocyclotron that would eventually be mounted on the gantry for patient treatment.

20. The '311 Patent describes Dr. Antaya's work, stating that "In some examples, the synchrocyclotron has a superconducting electromagnetic structure that generates a field strength of at least 6 Tesla, produces a beam of particles having an energy level of at least 150 MeV, has a volume of no larger than 4.5 cubic meters, and has a weight less than 30 Tons."

21. On information and belief, Figures 3 and 4 of the '311 Patent incorporate Dr. Antaya's figures from his memoranda to Dr. Gall, which illustrate the construction of the claimed synchrocyclotron.

22. On September 8, 2010, counsel for MIT sent a letter to counsel for SRS articulating the significant contributions that Dr. Antaya made to the claims of the '311 Patent and concluding that his "contributions to the synchrocyclotron design qualify him as an inventor of the '311 Patent." Counsel for MIT requested that the inventorship of the '311 Patent be corrected.

23. Counsel for SRS responded with a letter on October 4, 2010, stating that SRS was unwilling to name Dr. Antaya as a co-inventor.

24. On information and belief, Dr. Gall is, has been, and continues to be, on notice of this inventorship dispute, and, by reason of his position at the company, will be aware of this complaint at the same time as SRS, after its filing.

25. Dr. Antaya has been given notice of this complaint.

## COUNT I
### Correction of Inventorship of the '311 Patent

26. The allegations of paragraphs 1 through 25 are incorporated by reference into this Count I as though fully set forth herein.

27. Dr. Antaya contributed in a significant manner to the conception and reduction to practice of at least one element of one claim of the '311 Patent. His contributions included more than the mere explanation of well-known concepts or the current state of the art.

28. Dr. Antaya's contribution to the invention(s) as claimed in the '311 Patent are not insignificant when measured against the dimension of the full invention.

29. Dr. Antaya was omitted as a named inventor of the '311 Patent.

30. The error of omitting Dr. Antaya was done without any deceptive intention on Dr. Antaya's part.

31. MIT, as assignee of Dr. Antaya's rights in the invention, seeks correction of the inventorship of the '311 Patent to name Dr. Antaya as an inventor or co-inventor.

32. MIT has, and will continue to, incur harm caused by the incorrect inventorship because MIT was and is the assignee to all of Dr. Antaya's right, title and interest in and to the '311 Patent.

## COUNT II
## Declaratory Judgment of Ownership Interest in the '311 Patent

33. The allegations of paragraphs 1 through 32 are incorporated by reference into this Count II as though fully set forth herein.

34. MIT seeks a declaratory judgment that, by reason of the co-inventorship by Dr. Antaya, MIT has an ownership interest in and to the '311 Patent.

35. There is a substantial and continuing justiciable controversy between MIT and SRS as to MIT's ownership interest in and to the '311 Patent.

36. A valid case and controversy exists sufficient for this Court to declare the rights and remedies of the parties, because there is a dispute between the parties as to the ownership of the valuable technology disclosed in the '311 Patent.

37. This controversy is ripe for determination at this time because the parties dispute ownership of the valuable technology disclosed in the '311 Patent.

38. MIT has the requisite standing to request this declaration that Dr. Antaya conceived of one or more inventions claimed in the '311 Patent, and that MIT owns such technology.

## PRAYER FOR RELIEF

WHEREFORE, MIT prays for relief as follows:

(a) Enter judgment declaring that Dr. Antaya is a co-inventor of the '311 Patent;

(b) Enter judgment declaring that MIT is a co-owner of the '311 Patent;

(c) Enter judgment ordering the Director of the United States Patent and Trademark Office to issue a certificate correcting the inventorship of the '311 Patent, adding Dr. Antaya as an inventor or co-inventor;

(d) Enter judgment ordering the Director of the United States Patent and Trademark Office to list MIT as an owner or co-owner of the patent;

(e) Preliminarily and permanently enjoin SRS from enforcing the '311 Patent against MIT or any of MIT's licensees;

(f) Award MIT costs and reasonable attorneys' fees; and

(g) Grant MIT such other relief as the Court deems just and equitable.

- 7 -

| | |
|---|---|
| Dated: December 17, 2010 | Respectfully Submitted, |

/s/  Steven M. Bauer
_____
Steven M. Bauer (BBO #542531)
Sharada Devarasetty (BBO #672514)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
sdevarasetty@proskauer.com

Attorneys for Plaintiff,
MASSACHUSETTS INSTITUTE OF TECHNOLOGY.