## UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>　　　　　*Plaintiff,*<br><br>v.<br><br>STILL RIVER SYSTEMS, INC.,<br><br>　　　　　*Defendant*. | Civil Action No: 1:10-cv-12186 |

## MIT'S OPPOSITION TO DEFENDANT'S RULE 12 MOTION

As an initial matter, this motion to dismiss should be denied outright as having been filed in violation of LR 7.1.  Still River never even attempted to meet and confer, let alone in good faith.

This motion could only have been filed with the intent to delay this proceeding.  Whereas MIT clearly alleges that there is an inventorship dispute with respect to one of Still River's patents, Still River has no legal or factual basis whatsoever for asking the Court to dismiss MIT's claims.  Still River cites no case law that requires a party asserting inventorship to allege *in the complaint*, before discovery, which claims are in dispute.

As to Still River's motion to strike MIT's prayer for attorneys' fees, federal statute 35 U.S.C. § 285 provides sufficient basis for MIT's demand.

Still River's motion should be denied to prevent further delay.

## I.　MIT'S COMPLAINT ALLEGES AN INVENTORSHIP DISPUTE AND SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM.

This case is a dispute brought under 35 U.S.C. § 256, between MIT and Still River over whether an MIT inventor should have been named on U.S. Patent No. 7,728,311 ("the '311

Patent"), a patent assigned to Still River.  MIT contends that Dr. Antaya contributed to the inventions described in the '311 Patent, and Still River has denied that.

Now, rather than answer the complaint, Still River moves to dismiss because, Still River says, MIT has not identified in the complaint the specific patent claims to which it asserts co-ownership.  Still River, however, has not – because it cannot – cite a single case that dismissed an inventorship dispute because specific claims were not listed in the complaint.  And, that lack of case law makes sense, because Still River will get all of that information soon enough in discovery.

With no case law on its side, Still River instead makes an irrelevant analogy to patent infringement cases, and to do so, Still River must misrepresent that law.[1]  The case law only requires that Still River be on "fair notice" of the allegations in the complaint.  *Vellata, LLC v. Best Buy. Co.*, 2011 WL 61620, at *4 (C.D. Cal. Jan. 7, 2011) (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)) ("a patentee need only

---

[1]   Still River's analogy falls flat because the cases that Still River cites, at most, require a patent owner to generally identify the accused products to put the accused infringer on "fair notice" as to what has been accused.  *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (finding that patentee was not on "fair notice" when the accused product was one of "4000-plus" products); *Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853, at *1 (D. Del. June 10, 2002) (citing case law that Rule 8 only requires "fair notice of what the plaintiff's claim is and the grounds upon which it rests"); *Fifth Market, Inc. v. CME Group, Inc.*, 2009 U.S. Dist. LEXIS 108776, at *3 (D. Del. May 14, 2009) (dismissing, with leave to amend, a complaint for patent infringement which accused "products and sales methods" of infringement, but only mentioned a single product); *Halo Elec., Inc. v. Bel Fuse, Inc.*, 2007 WL 2156332, at *2 (D. Nev. July 26, 2007) (dismissing, with leave to amend, a complaint for infringement for not mentioning how the defendant was infringing the patent); *Gen-Probe Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961-62 (S.D. Cal. 1996) (dismissing complaint for infringement with leave to amend because the complaint did not clearly demonstrate which defendants were accused of which counts of infringement).

Here, MIT has clearly put Still River on notice as to which patent MIT contends is missing an inventor.

plead facts sufficient to place the alleged infringer *on notice* as to what he must defend"
(emphasis added)); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)
("It logically follows that a patentee need only plead facts sufficient to place the alleged infringer
on notice as to what he must defend."); *Clear with Computers, LLC v. Hyundai Motor Am., Inc.*,
2010 WL 3155885, at *3-4 (E.D. Tex. Mar. 29, 2010) (when the history between the parties puts
defendant on notice of the allegations, a brief pleading is sufficient to overcome a motion to
dismiss).

Moreover, to whatever marginal extent an analogy can be made to patent infringement
cases, *this* district permits identification of claims and accused products through an infringement
contentions exchange -- after the complaint has been filed.   *See* LR 16.6 Appendix
(recommending that the "patentee … specify which claims are allegedly infringed and identify
the accused product(s) or method(s) that allegedly infringe those claims" "30 days after the Rule
16 Case Management Conference.").   Similarly here, MIT should not be required to identify all
the claims to which Dr. Antaya contributed to survive a motion to dismiss, but be permitted to
identify them at a later date.

But, even under Still River's interpretation of the law, MIT's complaint does provide
"fair notice."   Still River ignores whole paragraphs in the complaint which discuss Dr. Antaya's
contributions related to the synchrocyclotron that Still River describes in the specification and
claims in its patent:

- Between July 2004 and February 2005, Dr. Antaya sent Dr. Gall at least four memoranda
  regarding Dr. Antaya's progress in building a synchrocyclotron under the SRS/MIT
  agreement. <u>Dr. Antaya informed Dr. Gall that he and his team had developed a
  synchrocyclotron with a magnetic field strength of approximately 9 Tesla that produced a
  particle beam with the fixed energy of 250MeV, and an estimated weight of between 18
  and 28 tons.</u> The memoranda included figures illustrating the construction of the
  synchrocyclotron. Dr. Antaya further outlined a plan to complete certain tests on the

synchrocyclotron design and to create a preliminary design layout of the synchrocyclotron that would eventually be mounted on the gantry for patient treatment.

- The '311 Patent describes Dr. Antaya's work, stating that "In some examples, the <u>synchrocyclotron has a superconducting electromagnetic structure that generates a field strength of at least 6 Tesla, produces a beam of particles having an energy level of at least 150 MeV, has a volume of no larger than 4.5 cubic meters, and has a weight less than 30 tons</u>."

- On information and belief, Figures 3 and 4 of <u>the '311 Patent incorporate Dr. Antaya's figures from his memoranda to Dr. Gall, which illustrate the construction of the claimed synchrocyclotron</u>.

(Complaint, Dkt. No. 1 at ¶¶ 19-21 (emphasis added).)  The complaint even alleges that figures Dr. Antaya created as part of his research were included as figures in the '311 Patent's specification.  If that is not enough to put Still River on notice, the parties had a letter exchange in late 2010 in which the parties detailed their positions on the inventorship issue, including identification of at least one claim (claim 30) to which Dr. Antaya contributed.

Nothing more is required.  Still River will get more details during discovery.  No rule requires a party to lay out its entire case in the *complaint*.

Accordingly, Still River's motion fails and a more definite statement is not required.

## II.   MIT'S PRAY FOR ATTORNEYS' FEES IS PROPER AND SHOULD NOT BE STRICKEN.

Still River doesn't cite *any* legal authority that credibly supports its position that MIT's prayer for reasonable attorneys' fees should be stricken.

This case is brought under the patent laws, Title 35, which provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.

Still River does not argue that there is no way that MIT can be awarded attorneys' fees and it fails to cite a case brought under the patent statutes in which a request for reasonable attorneys' fees was stricken.

Because MIT's prayer for relief is standard in cases brought under the patent statutes and has a statutory basis, Still River's motion to strike the request should be denied.

## III.   CONCLUSION

For the foregoing reasons, MIT respectfully requests that the Court deny Still River's motion to dismiss in its entirety.

Dated:  January 27, 2011

Respectfully Submitted,

/s/ Steven M. Bauer
Steven M. Bauer (BBO #542531)
Sharada Devarasetty (BBO #672514)
Proskauer Rose LLP
One International Place
Boston, MA  02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
sdevarasetty@proskauer.com

Attorneys for Plaintiff,
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

## CERTIFICATE OF SERVICE

I, Sharada Devarasetty, Esq., hereby certify that on January 27, 2011, a copy of MIT's Opposition to Defendant's Rule 12 Motion was served via CM/ECF on all counsel of record for the Defendant.

/s/ Sharada Devarasetty
Sharada Devarasetty, Esq.